IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY L. EID | : | |
| Petitioner *pro se* | : | |
| v | : | Civil Action No. L-11-1158 |
| CARROL PARRISH, et al. | : | |
| Respondents | : | |

**MEMORANDUM**

Pending is Mary L. Eid's ("Eid") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Respondents, by their counsel, have filed a Response (ECF No. 10) to which Eid, who is self-represented, has filed a Reply (ECF No. 12). The matter is fully briefed and ready for disposition. After review of the pleadings, exhibits, and applicable law, the Court determines a hearing is unnecessary. See 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 cases in the United States District Courts. For the reasons that follow, the Petition shall be denied by separate Order.

**I.    FACTS**

In the Petition, Eid is challenging her 2008 judgment of conviction, by way of an Alford[1] plea, entered in the Circuit Court for Baltimore County, Maryland, for theft scheme over $500. The remaining charges against her were dismissed nolle prosequi. ECF No. 10, Ex. 2; Ex. 6 at 1; Ex. 1 at 7.[2]

During the plea colloquy, Eid confirmed that she understood the nature of her plea and that she had been advised by counsel with respect to her plea. Ex. 2 at 3-7. Eid stated that she understood the maximum sentence for the crime to which she was entering a plea, felony theft

---

[1]  See North Carolina v. Alford, 400 U.S. 25 (1970).

[2]  Exhibits referenced were filed by Respondents at ECF No. 10, unless otherwise indicated.

scheme, was 15 years' incarceration. See id. She acknowledged that she was waiving her right to a trial in which she could contest the evidence against her. See id. Eid also told the Court that she was satisfied with her attorney's representation. See id. at 7-8. Based on Eid's responses, the Court found that Eid was entering the plea knowingly and voluntarily. See id. at 8.

If the matter had gone to trial, the State would have established that between May 23 and May 27, 2005, Eid deposited two checks to be drawn from the First Federal Bucks County Savings and Loan account of "Friends of McCaffrey," a charitable fund established by employees of a supermarket chain that had been destroyed by a fire. See id. at 9–10. On May 23, 2005, $19,600 was withdrawn from the Friends of McCaffrey account. On May 27, 2005, another $22,567 was withdrawn from the same account. See id. at 10. The money drawn on the Friends of McCaffery account was deposited in Eid's "Liberty Senior Services, Inc." bank account, and Eid "used the money for her own personal gain, rent, cars, and what not." Id. at 10–11. In September 2007, after the matter was investigated, Eid contacted the police and admitted that she "deposited the checks and used them for her own personal gain, for rent, cars, pay her bills, and she was in bad financial straits at the time." Id. at 11. If called to testify, additional witnesses would have established that Eid did not have permission to cash the checks, that the "checks were ultimately counterfeit checks," and that the events occurred in Baltimore County. See id. at 11–12. Eid made no additions or corrections to these facts when they were read into the record. See id. at 12. The Circuit Court of Baltimore County found the facts sufficient to support the plea. See id.

Eid's sentencing hearing was held on March 24, 2008. At the hearing, Detective Brian Omlor testified that he investigated the theft from the Friends of McCaffrey bank account. Ex. 3 at 8. During his investigation, he spoke with Eid, who admitted cashing two checks totaling $42,167 and then using the money for her own personal ends. See id. at 9–10. Detective Omlor

2

testified that his investigation showed that the bank that held the Friends of McCaffrey account suffered a total loss of $42,457.  See id. at 12.  Officer Deborah Chenoweth testified that two additional forged checks totaling $8,000 were deposited into Eid's account.  See id. at 16–18.  Eid declined to testify at the hearing.  Id. at 27-28.

During allocution, Eid accepted "full responsibility" for what happened.  See id. at 30–31.  When the Court asked Eid what happened to the $54,000 that went through her account, Eid stated that the amount she spent was closer to $34,000.  See id. at 32.  The Court sentenced Eid to serve a six-year executed term of incarceration and ordered $42,457 in restitution to First Federal Bucks County Savings and Loan.  Ex. 3 at 39; Ex. 6 at 3; see also Ex. 1; Paper No. 1.[3]  The Court also explained to Eid that she had a right to appeal.  Ex. 3, p. 40.

Eid did not file a timely application for leave to appeal the entry of her plea.[4]  Ex. 1.  Consequently, her judgment of conviction became final on April 23, 2008.  See Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of date of judgment from which appeal is taken).  On June 23, 2008, Eid filed what was treated as a motion for modification of sentence that was denied on October 16, 2008.  Ex. 6 at 3; Ex. 1 at 8.[5]

On March 9, 2009, Eid filed a petition for post-conviction relief in the Circuit Court for Baltimore County, presenting claims of: 1) prosecutorial misconduct; 2) ineffective assistance of counsel; 3) due process violation; 4) "conspiracy and failure to provide discovery"; and 5) "illegal

---

[3] Eid was charged in a 22-count indictment with eight counts of felony theft scheme, three counts of felony theft, eight counts of attempted felony theft, and one count of attempted misdemeanor theft. Ex. 1, at 3–5, Ex. 6 (ECF No. 14), at 1. Eid was sentenced to eight years' incarceration, all but six suspended. Eid, who had a lengthy criminal record, had committed these offenses a few months after she had been released on bail in an insurance fraud scheme. Ex. 3, at 34–38.

[4] On April 8, 2009, Eid filed a pro se Notice of Appeal to the Court of Special Appeals of Maryland. On June 12, 2009, she filed a request to withdraw her appeal to pursue a petition for post-conviction relief.

[5] In November 2008, Eid filed a 28 U.S.C. § 2254 petition in this Court, which was dismissed without prejudice on February 17, 2009, for failure to exhaust state court remedies. See Eid v. Shell, Civil Action No. L-08-3161.

sentence." Exs. 1, 4 and 6. A hearing on Eid's state post-conviction petition was conducted on May 20, 2010, and post-conviction relief was denied by Order and Opinion filed on April 22, 2011. See Ex. 6 (ECF No. 14). Eid did not file an application for leave to appeal the denial. Ex. 1.[6]

## II. STANDARD OF REVIEW

The federal habeas statute, 28 U.S.C. § 2254, as amended, provides a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997); see also Bell v. Cone, 543 U.S. 447 (2005). This "highly deferential" standard is "difficult to meet" and "demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011); see also Harrington v. Richter, 131 S. Ct. 770, 786 (2011) ("If this standard is difficult to meet, that is because it was meant to be."). The Petitioner carries the burden of proof to meet this standard. Pinholster, 131 S. Ct. at 1398.

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000) (O'Connor, J., concurring). "Under the ("unreasonable application") clause, a federal habeas court may grant the writ if the state court identifies the correct governing

---

[6] Eid is currently serving her sentence on home detention. Ex. 1 at 10; ECF No 3, Petitioner's "Request to Proceed with Petition for Writ of Habeas Corpus," ¶ 8.

legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

### III. DISCUSSSION

#### A. Petitioner's Claims

Eid claims she is entitled to federal habeas corpus relief because: 1) trial counsel was ineffective; 2) the prosecutor committed misconduct; 3) her conviction resulted from a conspiracy of public officials; and 4) her sentence is illegal. ECF No. 3 at 6–12. Eid raised the same claims in her post-conviction petition and they were rejected by the Circuit Court for Baltimore County. Exs. 4 and 6.

#### B. Procedural Default

Before Petitioner may seek habeas relief in federal court, she must exhaust each claim presented to the federal court by pursuing remedies available in state court. See Rose v. Lundy, 455 U. S. 509, 521 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c); see O'Sullivan v. Boerckel, 526 U.S. 838. It requires Petitioner give to "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan, 526 U.S. at 845). In Maryland, this may be accomplished by raising certain claims on direct appeal and with other claims by way of post-conviction proceedings. Exhaustion is not required if at the time a federal habeas corpus petition is filed the petitioner has no available state remedy. See Teague v. Lane, 489 U.S. 288, 297–98 (1989).

When a petitioner fails to present a claim to the highest state court with jurisdiction, whether by failing to raise the claim in post-conviction proceedings, direct appeal, or by failing to timely

5

note an appeal, the procedural default doctrine applies. See Coleman v. Thompson, 501 U. S. 722, 749–50 (failure to note timely appeal); Murray v. Carrier, 477 U. S. 478 (1986) (failure to raise claim on direct appeal); Murch v. Mottram, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); Bradley v. Davis, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. See Murray, 477 U.S. at 495; Wainwright v. Sykes, 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default a court must still consider whether it should reach the merits of the petitioner's claims in order to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 314 (1995). The miscarriage of justice standard is directly linked to innocence. Id. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims that are defaulted. Id. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U. S. at 496.

As earlier noted, Eid did not file an application for leave to appeal the entry of her plea or the circuit court's adverse post-conviction ruling. See Ex. 1. Consequently, all the claims raised in the instant Petition are procedurally defaulted because they were not fairly presented to all appropriate state courts. See, e.g., Baldwin, 541 U.S. at 29–11. Further, Eid fails to show cause and prejudice or actual innocence to excuse procedural default. She does not allege, nor does the record suggest, any objective factor prevented her from filing an application for leave to appeal the entry of her plea or the adverse ruling in her post-conviction case. There is no evidence in the record that Eid is actually innocent of the offenses for which she was convicted. Indeed, the facts

6

set forth in support of the plea overwhelmingly demonstrate that Eid stole far in excess of $500 from the Friends of McCaffrey. See Ex. 2 at 9–12.

Eid, while contesting the amount of restitution at sentencing, accepted full responsibility for the felony theft she committed. Ex. 3 at 30–31. Eid's assertions here are bald allegations of error without basis in fact. The record shows that Eid, who had financial problems, committed a felony theft to which she pled guilty and for which she was punished in light of her long criminal record. Given the ample evidence against her, a plea was a favorable option, and there is no evidence that she was advised improperly in this respect or that she received prejudicial deficient advice. Ex. 6 at 6–11; see also Fields v. Attorney General of Maryland, 956 F.2d 1290, 1294–99 (4th Cir. 1992) (petitioner bears the burden of establishing deficient advice and prejudice).

Even were Eid's claims not procedurally defaulted, the record suggests no grounds for federal habeas relief. After holding a hearing, the state post-conviction court found that Eid did not receive ineffective assistance of counsel, the prosecutor did not commit misconduct, there was no conspiracy among officials to obtain an invalid conviction, and there was no denial of due process. See Ex. 6. There is nothing before this Court to suggest the state post-conviction court's rejection of Eid's claims constituted an unreasonable application of federal law as determined by the Supreme Court. Accordingly, even if Eid's claims were not procedurally defaulted, which they are, the Petition states no basis for federal habeas corpus relief under 28 U.S.C. § 2254(d).

## IV.   CERTIFICATE OF APPEALABILITY

A Certificate of Appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district

court is debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Upon review of the record, the Court finds that Petitioner has failed to satisfy this standard.  A certificate of appealability will not issue.

**CONCLUSION**

For the foregoing reasons, Eid's Motion for a Writ of Habeas Corpus under 28 U.S.C. § 2254 will be denied.

March 29, 2012                                                              /s/
                                                              _____
                                                              Benson Everett Legg
                                                              United States District Judge